**Robert H. MATHEIS Plaintiff–Appellee,**

v.

**Daniel T. FRITTON and County of Niagara, Defendants–Appellants.**

**No. 03–7719–CV.**

United States Court of Appeals, Second Circuit.

March 31, 2005.

Frank V. Balon (Charles E. Graney, on the brief), Webster Szanyi LLP, Buffalo, NY, for Appellants.

Kevin Bauer, Albany, N.Y. (David Gerald Jay, Buffalo, NY, on the brief), for Appellee.

PRESENT: WALKER, Chief Judge, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants Daniel T. Fritton and the County of Niagara appeal from an order dated June 10, 2003, in the United States District Court for the Western District of New York (John T. Elfvin, *Judge* ), denying their motions for summary judgment. On appeal, both defendants-appellants argue that the district court erred in finding that a genuine issue of material fact existed as to whether defendants-appellants had probable cause to prosecute Matheis for insurance fraud and possession of a gambling device, such that defendants-appellants were not entitled to summary judgment regarding Matheis's state-law malicious prosecution claim. Fritton, alone, argues that the district court's error in this regard also caused the court to improperly deny his motion for summary judgment with respect to Matheis's 42 U.S.C. § 1983 action, which was predicated on these same prosecutions. Finally, Fritton contends that the district court erred in failing to rule that he was entitled to either qualified or absolute immunity with regard to Matheis's 42 U.S.C. § 1983 action. Familiarity with the facts and proceedings below is assumed.

■ "The denial of summary judgment is ordinarily an interlocutory decision, not a 'final decision' appealable under 28 U.S.C. § 1291." *Marshall v. Sullivan,* 105 F.3d 47, 53 (2d Cir.1996). Interlocutory orders by a district court denying absolute or qualified immunity, however, are immediately appealable under the "collateral order" doctrine, insofar as the issues to be resolved on appeal involve questions of law. *See, e.g., Hill v. City of New York,* 45 F.3d 653, 659–60 (2d Cir.1995). "When, on the other hand, resolution of the immunity defense depends upon disputed factual issues—not hinging on issues of law—an immediate appeal may not be taken." *Id.* at 660. Our jurisdiction to consider issues

beyond those of absolute or qualified immunity hinges on principles of pendent jurisdiction. "[W]e may exercise pendent jurisdiction over issues that are not ordinarily subject to interlocutory review whenever (1) they are 'inextricably intertwined' with the determination of qualified immunity or (2) their resolution is 'necessary to ensure meaningful review' of the district court's ruling on qualified immunity." *Savino,* 331 F.3d at 71–72 (quoting *Swint v. Chambers County Comm'n,* 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995))

As our jurisdiction to hear this appeal turns on Fritton's assertion that he is immune from suit, we deal with that issue first. Fritton's claim to absolute immunity is a pure question of law as it comes to us on appeal; thus, we do have jurisdiction over that part of the appeal concerning the district court's denial of summary judgment to Fritton on absolute immunity grounds. Fritton argues that the acts for which Matheis seeks to hold him liable were "intimately related to the judicial process" and "taken at the direction of the prosecutor," insofar as they consisted of his testimony before a grand jury. Because Matheis's section 1983 action implicates conduct that pre-dates Fritton's grand jury testimony, we find that the district court properly denied absolute immunity. We note that even if Matheis's complaint was primarily based on Fritton's grand jury testimony, Fritton would not be entitled to absolute immunity under the circumstances of this case. *See White v. Frank,* 855 F.2d 956, 958–62 (2d Cir.1988).

■ We have jurisdiction over Fritton's claim to qualified immunity as well. While we ordinarily "lack jurisdiction to resolve material issues of fact on an interlocutory appeal, we have jurisdiction over interlocutory appeals of a district court's denial of qualified immunity whenever the defendant is willing to accept [the] plaintiff's

version of the facts for purposes of the appeal." *Savino*, 331 F.3d at 72 (citations omitted). In arguing that he had probable cause to prosecute Matheis for insurance fraud, Fritton contends that "even if appellee's version of the facts is accepted as true (i.e., that Fritton refused to examine the receipts), and even if the receipts are considered, Fritton would still be entitled to qualified immunity ...." (emphasis omitted). Thus, the unresolved factual issue concerning probable cause has been conceded by Fritton for purposes of this appeal, and will not foil our jurisdiction to pass on the qualified immunity question as it relates to Matheis's prosecution for insurance fraud.

■ We turn to the merits of that claim. "In general, police officers are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Marshall*, 105 F.3d at 53. The district court rejected Fritton's claim of qualified immunity at the summary judgment stage on the grounds that material issues of fact remained regarding the second part of this inquiry. Before turning to this question, however, the district court should have first determined whether Matheis had sufficiently alleged the violation of a clearly established constitutional right. *See Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir.1998) ("The first inquiry to be made concerning qualified immunity is whether the plaintiff has 'alleged the violation of a clearly established constitutional right.' ") (citation omitted).

If we are to determine whether Matheis has "alleged the deprivation of an actual constitutional right," *Zahrey v. Coffey*, 221 F.3d 342, 347 (2d Cir.2000), based solely on the legal grounds denoted in his complaint, it is not clear that Matheis has done so. "In order to allege a cause of action for malicious prosecution under § 1983, [the plaintiff] must assert, in addition to the elements of malicious prosecution under state law, that there was ... a sufficient post-arraignment liberty restraint to implicate the plaintiff's *Fourth Amendment* rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir.2000) (emphasis added); *see also Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir.2004) ("[T]o sustain a § 1983 malicious prosecution claim, there must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment."). Matheis claims that Fritton's conduct violated his Fifth, Sixth, and Fourteenth Amendment rights, as well as his "federally protected rights to procedural and substantive due process;" he does not, however, explicitly allege a violation of his Fourth Amendment rights. As the district court seems to have overlooked this issue, we vacate the district court's decision denying summary judgment on qualified immunity grounds and remand for further consideration of whether Matheis has sufficiently alleged the violation of a clearly established constitutional right, and, if not, whether his complaint may be amended to correct this apparent deficiency in pleading. In making this determination, the district court should bear in mind that Matheis must demonstrate a "sufficient post-arraignment liberty restraint to implicate [his] Fourth Amendment rights." *Rohman*, 215 F.3d at 215; *see also Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir.1997) ("[S]ince the gist of a claim for malicious prosecution is abuse of the judicial process, a plaintiff pursuing such a claim under § 1983 must show that the seizure resulted from the initiation or pendency of judicial proceedings.").

■ Regardless of how the district court answers these questions, we find

that Fritton is entitled to qualified immunity with respect to that part of Matheis's section 1983 claim based on his prosecution for possession of a gambling device. Because Matheis did not allege that Fritton lied during his grand jury testimony concerning the gambling device, the presumption of probable cause to prosecute raised by the grand jury indictment was not rebutted by Matheis. *See Boyd v. City of New York*, 336 F.3d 72, 77 (2d Cir.2003). Contrary to the district court's holding, in the context of an action for malicious prosecution, this is true regardless of whether Matheis's conviction was eventually nullified. *Cf. Savino*, 331 F.3d at 67–68, 75 (finding unrebutted presumption that probable cause existed to prosecute plaintiff where plaintiff was indicted by grand jury but later acquitted at trial). Thus, we may presume that Fritton's prosecution of Matheis for possession of a gambling device was supported by probable cause, and that Fritton is therefore entitled to qualified immunity regarding the part of Matheis's section 1983 claim predicated on that conduct. *See Savino*, 331 F.3d at 75. Accordingly, we reverse the district court's denial of summary judgment on this issue. We also reverse the district court's denial of both defendants-appellants' summary judgment motions regarding Matheis's state-law malicious prosecution claim insofar as that claim involves his prosecution for possession of a gambling device. As we have already held that there was probable cause to prosecute Matheis for this crime, and as the existence of probable cause defeats a malicious prosecution claim under state law, we may assume pendent jurisdiction over the state-law claim and reverse the district court. *See Sadallah v. City of Utica*, 383 F.3d 34, 39 (2d Cir.2004) (finding claim "inextricably intertwined," and thus subject to appellate review, where it was "based on precisely the same argument that we rejected in finding for

[defendant] on the qualified immunity issue."); *Savino*, 331 F.3d at 71–72.

We dismiss for lack of appellate jurisdiction defendants-appellants' remaining claims, including their appeals of the district court's ruling regarding Matheis's state-law claim predicated on his prosecution for insurance fraud.

For the reasons set forth above, the appeal is hereby DISMISSED insofar as it involves the district court's denial of summary judgment with respect to that part of Matheis's state-law malicious prosecution claim based on his prosecution for insurance fraud. The judgment of the district court is REVERSED insofar as it denied summary judgment to Fritton with respect to that part of Matheis's section 1983 claim predicated on Matheis's prosecution for possession of a gambling device. The judgment of the district court is REVERSED insofar as it denied summary judgment to Fritton and the County of Niagara with respect to that part of Matheis's state-law malicious prosecution claim based on his prosecution for possession of a gambling device. The judgment of the district court is VACATED insofar as it denied summary judgment on qualified immunity grounds to Fritton with respect to that part of Matheis's section 1983 claim that was predicated on his prosecution for insurance fraud, and the case is REMANDED for further proceedings consistent with this opinion.